**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Anthony James Moore, | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT AND DENYING** |
| vs. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **DEFAULT JUDGMENT** |
| Fargo Police Department, | ) | |
| | ) | Case No. 1:06-cv-095 |
| Defendants. | ) | |

Before the Court is Plaintiff Anthony James Moore's "Motion for Order for Summary Judgment Under Rules of Civil Procedure 56," filed on December 27, 2006. Also before the Court is Moore's "Motion for Order for Judgment by Default Under Rules of Civil Procedure 55," filed on January 29, 2007.

On October 2, 2006, Moore initiated this action.[1] The Court then undertook the task of completing an initial screening pursuant to 28 U.S.C. § 1915A. Moore subsequently sought leave to file two amended complaints, which delayed the completion of the initial review process. See Docket Nos. 3 & 16. On November 20, the Court issued an Order regarding its initial screening of Moore's complaint and indicated that Moore could proceed with the complaint but provided Moore ten days to show cause why the fourth and fifth claims should not be severed from the first three as separate actions. See Docket No. 1.

On November 27, 2006, Moore filed a "Motion for Order Compelling Discovery Under Rules of Civil Procedure 37." See Docket No. 4. Moore requested information relative to DNA testing. On December 6, 2006, the Court denied Moore's motion to compel and concluded that

---

[1] Moore's initial pleadings were filed in case number 1:06-cv-079.

1

Moore's discovery requests and his motion to compel were premature. <u>See</u> Docket No. 8. The Court also ordered that all discovery be stayed until the Court issued its discovery order. <u>See</u> Docket No. 8. The Court has yet to issue a discovery order.

On December 7, 2006, the Court severed the fourth and fifth claims, ultimately allowing Moore to go forward with three separate causes of action against the various parties. <u>See</u> Docket No. 9. On December 11, 2006, a copy of the second amended complaint, along with a Request for Waiver of Service of Summons, was sent to the Defendant in this action. <u>See</u> Docket No. 10.

On December 27, 2006, Moore filed a motion for summary judgment. <u>See</u> Docket No. 11. On January 29, 2007, the Defendants timely responded to the motion asserting that the motion, although captioned as a motion for summary judgment, was in essence another motion for discovery. <u>See</u> Docket No. 18.

Also on January 29, 2007, Moore filed a "Motion for Order for Judgment by Default Under Rules of Civil Procedure 55." <u>See</u> Docket No. 19. Moore asserts that the Defendant's failure to file a timely response to his motion for summary judgment entitles him to default judgment. On January 30, 2007, the Defendant filed a timely response to Moore's motion for default judgment and asserted that the motion for default judgment is without merit. <u>See</u> Docket No. 22.

A careful review of Moore's motion for summary judgment reveals that he appears to be seeking the same information he sought in his discovery request on November 27, 2006. However, the underlying claim asserted by Moore is injunctive relief in the form of an order requiring the Defendant to turn over various DNA test results. Thus, to view Moore's motion merely as a discovery request oversimplifies the matter. The most well-reasoned and researched motion for summary judgment would seek the same relief.

Nevertheless, to prevail on a motion for summary judgment, the moving party has the burden to establish that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Graning v. Sherburne County, 172 F.3d 611, 614 (8th Cir. 1999).  Moore has failed to provide the Court with any authority to support the proposition that he is entitled to summary judgment as a matter of law at this stage.  This dispute is in the early stages of litigation.  The Defendant's answer is not yet due.  The Court has yet to issue a scheduling order pursuant to Rule 26 of the Federal Rules of Civil Procedure.  The Court finds that, at this stage of the litigation, Moore has failed to establish that he is entitled to judgment as a matter of law.  The Court **DENIES** Moore's motion without prejudice (Docket No. 11-1).

As to Moore's Motion for Default Judgment, the Court finds that Moore has failed to establish that he is entitled to default judgment.  The Court **DENIES** Moore's Motion for Default Judgment.  (Docket No. 19).

**IT IS SO ORDERED**

Dated this 7th day of February, 2007.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

3