**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Anthony James Moore, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Plaintiff, ) | **FOR DENIAL OF PLAINTIFF'S** |
| ) | **MOTIONS FOR SUMMARY** |
| ) | **JUDGMENT AND FOR DISMISSAL** |
| vs. ) | **OF ACTION; ORDER DENYING** |
| ) | **MOTION FOR CONTEMPT** |
| Fargo Police Department, ) | |
| ) | Case No. 1:06-cv-095 |
| Defendant. ) | |

The Plaintiff, Anthony James Moore ("Moore"), initiated this action against the Defendant in an effort to obtain DNA evidence that he believes is in its possession. On December 27, 2007, Moore filed a Motion for Summary Judgment (Docket No. 35), the crux of which was that the court should order the Defendant to produce DNA records to which he was entitled.

On February 21, 2007, the court held a telephone conference with the parties to address scheduling issues and to discuss the possibility of settlement. During the conference, Moore explained that he simply wanted Laboratory Report Nos. C04-1175 and C01-1753. According to Moore, these reports contained: (1) DNA results of biological test performed on himself and his victim in an underlying state-court prosecution; and (2) DNA profile genotype specimens. The Defendant responded that it required time to locate and review the requested reports and to determine whether it had any objection to providing them voluntarily.

On March 13, 2007, Defendant's counsel filed an affidavit wherein she attested that copies of the reports in the Defendant's possession had been mailed to Moore. Moore responded by filing a Motion for Contempt, asserting that the Defendant had not provided him with the reports he was

1

seeking. Specifically, he asserted that the Defendant was needlessly withholding test results of "biological evidence . . . under Laboratory number C04-1175"and copies of his "DNA Genotype Profile under identification number C0-02-0039." (Docket No. 45).

On March 22, 2007, in an attempt to expedite resolution of this dispute, the court directed the parties to provide it with copies of all DNA reports in their possession within ten days. It also directed the Defendant to review Moore's responses and to check again to see whether it had any additional DNA-related documents and to determine whether there was any objection to providing them to Moore. In the event that the Defendant had no further documents, it ordered the Defendant to so certify in an affidavit. It added that such an affidavit would be construed as the Defendant's response to Moore's pending Motion for Summary Judgment.

Per the court's order, Moore filed copies of the DNA reports in his possession on March 27, 2007. The Defendants did the same on April 2, 2007. In addition, defense counsel filed an affidavit wherein she attested that she had diligently and thoroughly searched any and all files in the Defendant's custody and control that related to Moore, that the Defendant had provided Moore with all of the DNA reports in its possession, and that the Defendant has no information regarding "DNA Genotype Profile under identification number C0-02-0039."

On April 3, 2007, Moore filed a Motion for Contempt of Court (Docket No. 51). The basis for his motion was that the Defendant's had not complied with the court's directive to provide copies of DNA reports within ten days. Given the timing of his motion, it does not appear that he was aware the Defendant's had filed a response to the court's directive the day prior. In any event, the undersigned concludes that his Motion for Contempt lacks merit and it will be denied.

As for Moore's Motion for Summary Judgment, the undersigned recommends that it too be denied. Defense counsel has attested that the Defendant has provided Moore with all documentation concerning DNA evidence in its possession. Further, the undersigned has conducted a side-by-side comparison of the documents provided by the parties in response to the undersigned's order of March 22, 2007, and notes they are identical. Thus, despite the negative dispersions cast by Moore, the Defendant's attorney has attested under oath that the Defendant has provided all of documents it has that Moore requests.

There is a difference between the inability and the unwillingness to comply with a request. Unfortunately, Moore has been unable to make this distinction. There simply is nothing in the record that suggests the Defendant has not been forthcoming and has been "hiding the ball." To the contrary, the record reveals that once the Defendant was able to ascertain exactly what documents Moore sought, it provided him with copies of all the documents that it had in its possession. In particular, it should be noted that the police department for the City of Fargo, while it may have been involved in the investigation of Moore's state-court criminal case, was not the prosecuting authority and any lab work was likely conducted by others. Consequently, even if the DNA documents that Moore demands exist, it is not unusual that the City of Fargo would not have them.

In addition to recommending that Moore's motion for summary judgment be denied, it also recommended that summary judgment be entered in favor the City. The only relief that Moore is seeking in this case is that the City turn over certain specified DNA documents and the City has turned over what it has voluntarily. Further, given the novelty of Moore's claim and the substantial question as to whether he even has a cause of action as discussed in the earlier screening of Moore's complaint, the dismissal should be without payment of costs and fees.

The prevailing view is that summary judgment can be granted in favor of a nonmoving party or *sua sponte* by the court so long as the losing party was on notice that the party had to come forward with all of its evidence.  E.g., Boyle v. Anderson, 849 F. Supp. 1307, 1309 n.1 (D.Minn. 1994)[1]; see generally  C. Wright, A. Miller & M Kane Federal Practice and Procedure Civil 3d § 2720 (1998).  In this case, Moore repeatedly has said that he does not want a trial and wants this matter resolved on motion.  This the court has attempted to do.  But, if Moore believes he has not been given an adequate opportunity to come forward with all of his evidence, he should come forward with it now as required by Fed. R. Civ. P. 56(e) and file it along with an objection to this report and recommendation.  Further, if Moore believes he needs additional time, a reasonable amount of time will be granted.

### III.    ORDER AND RECOMMENDATION

Moore's Motion for Contempt of Court (Docket No. 51) is **DENIED**.  In addition, if Moore believes he has not had an adequate opportunity to come forward with his evidence in terms of resolving this case on summary judgment, he is **ORDERED** to submit the additional evidence to the court in accordance with Fed. R. Civ. P. 56 along with an objection to the recommendation set forth below within the time period for filing objections.  If Moore needs additional time, he should file a request for additional time.

The undersigned **RECOMMENDS** that:

---

[1]  In Boyle v. Anderson, supra, the court stated:
Summary judgment may be granted in favor of a nonmoving party. See Hyamstad v. Suhler, 727 F.Supp. 511, 520 (D.Minn.1989), aff'd, 915 F.2d 1218 (8th Cir.1990); see also Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence.")
849 F. Supp. at 1309 n.1.

1. Moore's Motion for Summary Judgment (Docket No. 35) be denied.

2. Summary judgment be entered against Moore and that this action be dismissed with prejudice and without costs to either party;

3. The court certify that an appeal from the denial of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith; and

4. A certificate of appealability not be issued with respect to any of the issues raised by Moore in this action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken.

Dated this 16th day of April, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge